DIOSCÓRIDES RIVERA, demandante y apelante, *v.* JUAN G. GALLARDO, TESORERO DE PUERTO RICO, demandado y apelado.

No. 4618.—*Sometido:* Abril 30, 1929. *Resuelto:* Abril 10, 1930.

*P. G. Quiñones,* abogado del apelante; *Attorney General James R. Beverley* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal:

Dioscórides Rivera debía a El Pueblo de Puerto Rico por concepto de contribuciones sobre ingresos la suma de $469.56. Se declaró en quiebra. El Tesorero de la Isla fué notificado y por medio del Attorney General reclamó el pago de la indicada suma con sus recargos. En la reunión de acreedores, a la que no concurrió El Pueblo, el juez de quiebras resolvió que las contribuciones que reclamaba no debían ser satisfechas como un crédito preferente. El caso quedó cerrado sin que nada se notificara directamente a El Pueblo y el *trustee* no pagó las contribuciones en todo ni en parte, repartiendo el dinero existente entre los demás acreedores.

Así las cosas, la Corte Federal rehabilitó al quebrado y El Pueblo gestionó cerca de él el cobro de las contribuciones, embargándole al efecto cierta propiedad. Por medio de sus abogados el quebrado obtuvo del Tesorero de Puerto Rico que levantara el embargo habiéndose presentado prueba que demuestra que el Tesorero se mostraba inclinado a cobrar sólo el diez por ciento de la suma adeudada de acuerdo con el quebrado. Parece que la transacción se interrumpió a virtud de la salida de uno de los empleados de la Tesorería, y, sin que nada llegara a resolver en definitiva por escrito el Tesorero, Rivera pagó bajo protesta las contribuciones e inició este pleito reclamando su devolución. Se opuso El

**Pueblo.** Fué el pleito a juicio y la corte finalmente lo resolvió en contra del demandante, quien, no conforme, interpuso esta apelación señalando en su alegato la comisión de tres errores.

██ El primer error se formula así:

"La Corte de Distrito cometió error al no sostener que las contribuciones de ingresos en este caso constituían un crédito común."

Argumentando el error sostiene el apelante que la resolución del juez de quiebras en el sentido de que las contribuciones reclamadas por El Pueblo no constituían un crédito preferente sino un crédito común, debe considerarse como cosa juzgada que no puede alterar el tribunal insular que decidió este pleito, citando al efecto la sección 64 *a,* de la Ley de Quiebras, de 1898, que dice:

"Sección 64 (a). La Corte ordenará al Síndico que pague todas las contribuciones legalmente líquidas y exigibles que se deban por el quebrado a los Estados Unidos, al Estado, Condado, Distrito o Municipio con antelación al pago de dividendos a los acreedores, y al archivar los recibos expedidos por los propios funcionarios públicos acreditando tal pago, se le abonará la cantidad de los mismos, y en caso de que surja cualquier controversia respecto a la cantidad o legalidad de la contribución, la corte la oirá y la dirimirá."

Y a Collier que, refiriéndose a ese precepto legal, expresa:

"Autoriza a la corte a investigar si la contribución constituye una reclamación válida. La cuestión de si una carga equivale o no a una contribución y por consiguiente que tiene derecho a preferencia de acuerdo con este concepto, es una que debe ser resuelta por la Corte Federal en su interpretación a la Ley de quiebras." Collier on Bankruptcy (11th Ed.), p. 993.

A nuestro juicio asiste la razón al apelante en cuanto a la plena facultad que las cortes federales tienen para decidir en procedimientos de quiebra con respecto al montante o a la validez de la contribución reclamada por el gobierno, pero no en cuanto al efecto que la resolución del juez de quiebras dictada en la quiebra del demandado pueda tener en la decisión de este pleito.

Dejando a un lado el estudio de si lo que hizo el juez de quiebras en el caso de la quiebra del demandante está o no comprendido en la ley, ya que nada resolvió sobre la legalidad de la reclamación, o sobre el montante de la misma, diremos que cualquiera que sea el valor de su resolución no impide el que rehabilitado como fué el quebrado, El Pueblo se dirija contra él y le cobre directamente la contribución.

Repetimos que el juez de quiebras no decidió que se tratara de una contribución ilegal, o de algo que no tuviera el concepto de una contribución. Tampoco decidió que la cantidad reclamada no estuviera autorizada por la ley. Resolvió que la contribución reclamada no era un crédito preferente. Eso es todo.

Y dejando también a un lado la cuestión de si se dió o no al Pueblo una debida oportunidad para impugnar la resolución del juez de quiebras, es lo cierto que El Pueblo bien por negligencia o ya de propósito nada continuó reclamando en la quiebra y que las contribuciones que se le debían no fueron pagadas en todo ni en parte.

¿Cuáles son las consecuencias naturales y legales de la conducta de El Pueblo? Sin duda alguna las de perder todo derecho a cobrar en la quiebra y las de correr el riesgo de jamás cobrar.

Decimos correr el riesgo únicamente en el segundo caso porque la propia ley de quiebras preserva al Pueblo el derecho a cobrar la contribución del quebrado si éste obtiene su rehabilitación, y sólo cuando el quebrado rehabilitado carezca de recurso será que desaparece toda posibilidad de cobro.

La Sección 17, letra a, de la Ley de Quiebras de 1898, de modo terminante dice:

"Sección 17 a. La rehabilitación relevará al quebrado de todas sus deudas probables salvo (1) las contribuciones vencidas que hayan sido impuestas por los Estados Unidos, el Estado, Condado, Distrito o municipalidad en que resida el quebrado."

Y el propio autor citado por el apelante se expresa así:

" 'Contribuciones. La primera excepción de la condonación de las deudas incluye las obligaciones del quebrado por concepto de contribuciones impuestas por los Estados Unidos, por el Estado, el Condado, el Distrito o Municipio en que reside.' Esto se desprende de la doctrina de que las obligaciones para con el soberano no serán afectadas a menos que él extienda a sí mismo, mediante palabras expresas, las disposiciones de un estatuto. En verdad se cree, que se haría una excepción de las contribuciones respecto a la condonación general de deudas probables, aun si el estatuto guardara silencio respecto a ese extremo. Difícilmente hay lo suficiente en el artículo 64a dándoles prelación en el pago, para justificar la alegación de que el soberano tuvo la intención de renunciar su exención en este caso. Además las palabras usadas en el artículo 63a parecen sacar las contribuciones de la clase conocida con el nombre de 'deudas probables,' por lo que no podrían condonarse en modo alguno." 1 Collier on Bankruptcy, 611.

Parece conveniente agregar aquí la cita del caso *In re Baker,* 96 Fed. 956.

Que la contribución sobre rentas es una contribución dentro del significado de la sección 17 de la Ley de Quiebras, es algo tan claro que no cabe discutirse.

■ Por el segundo señalamiento se sostiene que la corte erró al no declarar que el responsable del pago de la contribución lo era en todo caso el *trustee* de la quiebra y por el tercero que la corte erró al declarar sin lugar la demanda.

Lo dicho anteriormente resuelve en sentido negativo la existencia de estos errores. Es la misma ley de quiebras la que declara la subsistencia de algunas obligaciones del quebrado después de finalizados los procedimientos y no obstante su rehabilitación. Lo natural es que las contribuciones, las verdaderas contribuciones en su montante justo, se cobren preferentemente dentro de la quiebra misma. Pero cuando por alguna circunstancia no se cobran, la obligación no se extingue. Permanece, y puede exigirse, a no ser que se haya extinguido por algún otro motivo, del primitivo deudor.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*

---

* NOTA: Véase el prefacio.